UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-61220-Zloch-Rosenbaum**

CRAIG HAUSER,

    Plaintiff,

v.

REDLINE RECOVERY SERVICES, LLC,
AND LVNV FUNDING, LLC,

    Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

**August 7, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, REDLINE RECOVERY SERVICES, LLC, placed telephone calls into this District on behalf of Defendant, LVNV FUNDING, LLC.

## PARTIES

3. Plaintiff, CRAIG HAUSER, is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, REDLINE RECOVERY SERVICES, LLC, ("REDLINE RECOVERY") is a limited liability company and citizen of the State of New York with its principal place of business at 95 John Muir Drive, Amherst, New York 14228.

5. Defendant, LVNV FUNDING, LLC, ("LVNV") is a limited liability company and citizen of the State of Nevada with its principal place of business at 625 Pilot Road Suite 2, Las Vegas, Nevada 89119.

## FACTUAL ALLEGATIONS

6. Defendants sought to collect from Plaintiff an alleged debt arising from an account with SEARS, used primarily for personal, family and household purposes.

7. After the alleged debt went into default, SEARS, transferred the alleged debt to LVNV or some other holder.

8. Defendant, LVNV, acquired the alleged debt from either SEARS, or a subsequent holder.

9. Defendant, LVNV, assigned the debt for collection to other debt collectors including but not limited to, Defendant, REDLINE RECOVERY, who in turn sought to collect the alleged debt from Plaintiff.

10. Defendant, REDLINE RECOVERY, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11. Defendant, LVNV, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

12. Defendant, REDLINE RECOVERY, regularly collects or attempts to collect debts for other parties.

13. Defendant, REDLINE RECOVERY, is a "debt collector" as defined in the FDCPA.

14. Defendant, LVNV, is a "debt collector" as defined in the FDCPA.

15. At all times material to the allegations of this complaint, Defendant, REDLINE RECOVERY, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. At all times material to the allegations of this complaint, Defendant, LVNV, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

17. Defendant, LVNV, authorized other debt collectors including but not limited to Defendant, REDLINE RECOVERY, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

18. Other debt collectors including but not limited to Defendant, REDLINE RECOVERY, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of LVNV.

19. By virtue of its status as a debt collector, LVNV, is vicariously liable to Plaintiff for REDLINE RECOVERY'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

20. Defendant, REDLINE RECOVERY, transmitted the following telephone messages to Plaintiff on or about the date stated:

> August 6, 2008
> Craig Hauser. This is David Brown. Please give me a call today. My number here is 716-250-4826. My direct extension is 4743. When you call back please give the case number which is 2755144. Thank you.
>
> August 7, 2008
> Hello, Craig Hauser. This is David Brown. Please return the call today. The number here is 716-250-4826. My direct extension is 4743. It is very important that you return this call today. Thank you.
>
> August 13, 2008
> Hello. This message is meant for Craig Hauser. This is David Brown. Please return the call today. The number here is 716-250-4826. Direct extension is 4743. Thank you.
>
> August 27, 2008
> Craig Hauser. This is David Brown. Please return the call today. The number is 716-250-4826. My direct extension is 4743. Thank you.

4

21. Defendant, REDLINE RECOVERY, left similar or identical messages for Plaintiff on other. (Collectively, "the telephone messages").

22. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

23. Defendant, REDLINE RECOVERY, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

24. Defendant, REDLINE RECOVERY, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

25. Plaintiff incorporates Paragraphs 1 through 24.

26. Defendant, REDLINE RECOVERY, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

5

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

27.    Plaintiff incorporates Paragraphs 1 through 24.

28.    Defendant, REDLINE RECOVERY, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

6

29. Plaintiff incorporates Paragraphs 1 through 24.

30. Defendant, REDLINE RECOVERY, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector, or the purpose of its communications, when REDLINE RECOVERY, knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff incorporates Paragraphs 1 through 24.

32. By failing to disclose that it is a debt collector and the purpose of its communication, Defendant, REDLINE RECOVERY, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT V
## DECLARATORY AND INJUNCTIVE RELIEF

33. Plaintiff incorporates Paragraphs 1 through 24.

34. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks injunctive relief.

35. Pursuant to the FCCPA, Plaintiff seeks a declaration that Defendant's practices violate the FCCPA.

36. Pursuant to the FCCPA, Plaintiff seeks an injunction prohibiting Defendants from further violation of the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

a. permanently injoining Defendants from engaging in the violative practices;

b. declaring that Defendant's practices violate the FCCPA; and

b. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 7 day of August, 2009.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842

8

                                      Ft. Lauderdale, FL 33339
                                      Telephone: 954-537-2000
                                      Facsimile: 954-566-2235
                                      donyarbrough@mindspring.com

By: _____
                                      Donald A. Yarbrough, Esq.
                                      Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Craig Hauser

**DEFENDANTS**

Redline Recovery Services, LLC and LVNV Funding, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09cv61220-WJZ/RSR

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 362 Pers. Injury-Med Malpractice | | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending B | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 720 Labor Management Relations B | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26b USC 7609 |
| | | | | ☐ 950 Constitutionality of State Statutes |
| | | | | ☒ 890 Other Statutory Actions* *A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Refiled  ☐ 5. Transferred from another district (specify)  ☐ 6. Multidistrict Litigation  ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: August __, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT   FOR OFFICE USE ONLY: Receipt No. _____   Amount: _____
S/F 1-2   Date Paid: _____   M/ifp: _____
REV. 9/94